Good afternoon and may it please the court I would like to reserve if I may two minutes for rebuttal before I get into my argument I just would like to briefly stay say that I am grateful and humbled to be here in this court on this historic day to try to breathe life into my client's sixth amendment right to counsel if this court does nothing today my client serves 28 months of a he served 25 months of an 18 month sentence either result is unfair but what this really boils down to is three month period of time within three months of today April 15th he'll be released no matter whether you do something or do nothing now has he been placed in some sort of a halfway facility is that where he is now he's been placed in the great falls pre-release center and he was placed there on or around December 16th or 18th okay so he's still technically in custody but he's not in prison at the moment okay and we chose to abandon a motion to release pending appeal in the district court so that winner wouldn't interfere with that transfer okay now my argument is simply this because the district court should have used the multiple counts of conviction rules under the guidelines the sentence should have been 18 months instead of six to 16 months sentences we've got procedurally we've got a very unusual case here this doesn't happen very often in my experience we basically have two separate sentencing's in fact this the second sentence is based on a different charge or theory of prosecution than he was facing the first time around right different but but somewhat connected your honor he refused to plead guilty to count three the gun count and he pled guilty to counts one and two so they charged him with transferring a firearm as well as ammunition to a convicted felon well he didn't want to plead to transferring the firearm which is the theory of prosecution the first time around right correct and so you were not able to work it out through a plea agreement so they recharged him with supplying the ammunition correct we're dealing with i don't know if it's still what a 922 g violation or whatever the same statute but it doesn't carry the mandatory minimum five it's really become the guideline it's different conduct that we with a different punishment right so that's why i said earlier it's very unusual procedurally in my experience because we do have different crimes even though as you argue they arose out of the is really different procedurally because not only was there a second case but as the government pointed out in its reply in the supplemental excerpt there's a middle case where my client did attempt to plead guilty to the amended charge in fact the judge hadn't called it a superseding information and he he he didn't the judge didn't accept the plea because he wouldn't admit the gun part of it although he'd admit the ammunition part of it right and i think that basically result in this whole three different cause number mess and an additional time than my client's doing because not only did he have to wait four months between the time he pled to the to the drug charges in the original case he had to wait another four months after he pled to the transfer of ammunition charge the interesting thing to me and this is why it's procedurally unusual the grouping guideline sections are written in contemplation of a single sentencing proceeding in which the defendant is being sentenced on multiple counts and that didn't happen here so this the guideline really doesn't address this procedural situation does it mr donovan it really doesn't but i'm saying that's what should have happened here because essentially as as and it's on page uh 15 of the supplemental excerpts the judge hadn't basically recognized that and i'll quote it uh it is my understanding counsel from the materials provided to the court that is the defendant's intention to have the court consider a change of plea to a superseding information that has been filed in this case in which is to be instead or in lieu of the continuation of count three of the charges now pending but he'd already been sentenced once right by the time at that point in time he hadn't been sentenced yet but at the point of time where they actually filed the indictment with the new charge he had been sentenced that was a within a month or two after he got sentenced in august of 2007 and that's why i said this this is really not the situation that the guidelines contemplate this idea of you get sentenced in essence on part of the case the drug part first and then you re-enter into negotiations and eventually you work out a deal with regard to the uh firearm charge the ammunition charge and he pleads guilty to a superseding what information that charged they didn't accept the plea to the superseding information he actually pled guilty to an indictment in cause number 106 which is a new cause number right so he went through the third cause but it's so unusual i'm saying that the this is so unusual it didn't ever happen before it'll probably never happen again and that these multiple uh conviction guidelines should apply your argument you you can't rely on the guidelines this is not a sentencing guideline problem it's clearly inconsistent with what you're arguing now what so what is your position i don't understand what your argument is then it's not a guideline sentence well i'm saying that if if you apply the it is the extent i'm saying that the multiple counts of conviction guidelines should apply to get a combined guideline range but the guideline the sentencing commission hasn't put that in the guidelines well sentencing commission says if it's the same indictment and the same sentencing you'll group them and take the highest and so forth that's not your case so what is your argument it's not the guidelines well i i can only get to i guess the result that my client wants if i use the guideline to say this was so unfair so unusual that these things happen the way they did in in in the charge on in cause number 106 to receiving the firearms is really a substituted charge of count three in the original indictment that the guidelines do apply so i don't know if that's a leap of faith or a fiction i'm asking for or what no no i i could see your argument i i just the problem i'm having in accepting is let's suppose that the supplying of the ammunition had occurred on a completely different day two months before and then the drug deal happens down the road would the grouping rules still apply if he were indicted and convicted of multiple counts where there was clearly if they were in the same indictment but i have a much weaker argument that it's a different time period of time and it's not i mean your theory has to be that the that the supplying of the ammunition and buying the gun which was then carried to the drug transaction was all part and parcel of a continuing criminal transaction well that would be the strongest case we stopped by walmart on our way to the drug deal to pick up a weapon to to protect the drug deal yeah and it's apparently on a videotape of him buying the ammunition well he doesn't deny that he right he's been willing to admit all along that he bought the ammunition at walmart and gave it to his nephew that's correct so in the process of denying and refusing to plead guilty to the gun count he basically admits the ammunition charge the video showed him buying the gun though too didn't it uh if it showed him buying the ammunition wouldn't it show him buying the gun i believe i believe that's true i i was in trial counsel i believe you're right so so was this just a like a a moral thing with mr gray he just couldn't well supplying the nephew with the gun i'd have to go outside the record i don't talk about that but he firmly can he firmly convinced that he didn't know his nephew was was going to bring yeah to the drug deal okay if you want to save some time for a robot i'll reserve thank you your honor good afternoon your honors we have pleased the court i'm carl rostead with the u.s attorney's office out of great falls and judge tallman just to clarify for the record the gun was a one that gray previously owned it wasn't so he didn't buy it at walmart no it was his gun he got it through pawn in an earlier transaction and they kept it at the apartment that he and mr graham shared his position was always that mr graham had somehow stolen the gun and then taken it to the drug deal and he didn't know that that was occurring that's how he distanced himself from the gun the only problem with that story was then why were you buying ammunition for a gun that you didn't think he was going to go take it anyway it really gets confusing mr ross let's go back to the actual facts of this case sir in the psr the facts are identical identical word for word in the other charge why is this being treated differently because mr gray insisted that it be treated differently remember you want to punish him a non-lawyer uh he admits at the end of the colloquy and i didn't do the gun i did the ammunition sir and the court said well we're not going to do this because you're not admitting to what you said it looks to me like this is a pretty vindictive thing on the part of the government where on the one hand you say in the psr this is exactly what the other charge was and then you turn around and you sock him with this additional time why is that wrong that is the psr was the same series of events there's no question but here's the here's the distinction mr gray has always said that he that the ammunition and the gun had no part in the drug deal that the only relevance that they had to one another is their their proximity why didn't the psr get written up differently then why didn't i just write why why didn't you say well this is part of a different deal but it reads identical to the word why is this not the same that could have been laziness on part of the probation officer or they just included the facts as they all developed on that day understand but we we have to deal with the record as we have it here and i guess i'm having real difficulty understanding other than just vindictiveness why this is being done in this way the government had had this man said hey i the gun and the ammunition he'd have been sentenced without a doubt to a much much lower sentence would he not by several months if it had all occurred in the same time yes that's what the plea agreement was according to what went down originally instead he says and for whatever reason now i didn't do the gun i i did i did the ammunition i admit that and all of a sudden he gets treated as this is an entirely different crime and yet the psr doesn't say that right your honor that's and again all you're getting back to the psr is all i can say is the government the united states attorney's office didn't write the psr all on all we were doing was holding him accountable for giving a gun to a to a felon now when we our first theory to that but he wouldn't plead to that so the district court said i can't your plea if you're not going to admit that that's what you did right okay and so we went off and and backed up and said well then we will well here's the series first of all the 924c is use of a firearm that's that's the big one five years mandatory consecutive refused to plead to it pled guilty to the two drug charges without a plea agreement so then we discuss it further and we say well all right if we take his stance i we said at the time with his then counsel that he didn't he's 924c then he certainly admitted giving the ammunition and the gun was his so we assumed that he also gave that to his his nephew and so we wrote it up and he signed the plea agreement and then we went to the second aborted hearing where he said no i'm going to stand by the thing i didn't give him the gun well then we were hauling the nephew to discuss whether for the prosecution to stand whether are we going to return to the 924c theory or are we going to stick with the 922d which is giving firearm or ammunition to a felon and it was just this sequence of events through mr gray's proceeding that got us there well let's be clear about this mr gray is a non-lawyer does the record indicate or can you tell this court what happened between the government and defense council that resulted in what is to me a pissing contest well i don't know that it was your honor it was we were trying to get the right charge to fit what the government could live with and what the defendant could live with and and there was that one time when we tried thought we had a deal with mr gray because he you know in our conversations with the attorney he didn't come back to us and say rewrite the plea agreement or anything like that we thought we had a deal going in and that's when mr gray said well now that i've thought about it i i you know i'm not going to it's not on the gun charger i'm not going to plead that i did anything with the gun which caused us to happen to to indicate that he wasn't going to accept the plea so then we had to go back and say okay now we're it just was one of those modifications your honor that kept on going and on going and on going but it was all in response to mr gray telling us what what you'd be willing to plead guilty to the dealings with mr gray's counsel were amicable and everyone was just having a great time yes sir mr gray your honor is more obstreperous and and difficult than his counsel was interesting uh are there your honor for the purposes of the argument those is twofold we suggested the court that mr gray's current position is can't be that the district court was wrong and not grouping because as the court has pointed out grouping only applies to proceedings that occur on the same day in the same sentencing it is difficult to aspire error to to give error to the court for not grouping for something that the guidelines said he shouldn't do anyway even if you assume that the sensing had occurred on the same day there's also ample law that says because the two crimes focus on two different societal interests that they wouldn't be appropriate necessarily for a concurrent sentence anyway or grouped together for that purpose and the two consecutive sentences could have been given and therefore your honor we don't believe that there was any error in this case as muddled as it was sometimes the prosecution of we have the benefit of hindsight and obviously it seems to me had i been represented mr gray at that point defense counsel should have moved for a continuance of the sentencing on the narcotics charge or at least tried to talk his client out of entering a plea to anything at that point until you the lawyer could work out an acceptable deal on the firearm slash ammunition issue but defense never asked for it and gray said i want to plead to the drug charge so judge hatton took the plea and then he sentenced him and that could have been a tactical decision in his defense on his part thinking that if if the drug charges were disposed of that the government wouldn't continue to be concerned about the firearm or excuse me the ammunition if the court has no further questions i thank you for your time all right mr bonham once you get back i'd like to here if you look on uh in the government supplemental excerpts of record i don't think they're marked page wise but on the plea agreement that mr gray signed that went into the cause number 042 of course it wasn't known it was 042 apparently until later mr gray actually crossed out the part of the elements charge that he had given a handgun to his nephew and that plea was filed four days before the board had changed a plea hearing at the board had changed a plea hearing the judge basically took the position while you aren't completely guilty of this we're going to trial next week forcing this whole thing to get dismissed and and i wasn't there at the time but it couldn't get resolved unfortunately but am i correct his lawyer did not ask at that point for a continuance not that i see in the record okay and gray apparently was willing and issue of what are we going to do about firearm ammunition this is i read it would have been before the sensing the drug charge and could have resulted in a possibly a consolidation and when mr gray went to court because the plea agreement wasn't there was no number on the plea agreement he signed apparently till it's filed he had reason to believe that it was the same proceeding 06 the original proceeding pardon me we haven't said anything about this but this contention that you're making here was never presented to the trial court was it we review for plain error if any error don't we that's correct but but my contention is plain error would apply because if if my argument is correct and the guidelines are miscalculated and i think that fits the plain error rule the last thing i'd just like to mention is uh well if they apply right i mean if we well if you decide we decide yeah if we decide the grouping guidelines don't apply then there can't be error then i'm then i'm out of here okay but anyway uh i'll be out of here you're right but i would ask the court if if you're inclined to rule my way to do so soon or to consider releasing uh we understand the urgency thanks and i thank both counsel for their argument the case just argued is submitted
judges: Tallman, Smith, Reavley